Nov. Term, 1845.

THOMPSON
v.
FRY.

---

THOMPSON and Others *v.* FRY.

In assumpsit against partners for goods sold and delivered, the plaintiff having proved that one of the defendants had examined his (the plaintiff's) books, containing the items of his account against the defendants, and had acknowledged them as they were stated in the books to be correct,— offered to prove said items by parol evidence, without producing the books or accounting for their absence. *Held,* that the evidence was inadmissible.

APPEAL from the *Tippecanoe* Circuit Court.

SULLIVAN, J.—Assumpsit by *Fry* against the appellants, as partners, for goods sold and delivered. Plea, the general issue. Verdict and judgment for the plaintiff. On the trial of the cause, the plaintiff having proved that one of the defendants had examined the books of the plaintiff, containing the items of his account against the defendants, and had acknowledged them, as they were stated in the books, to be correct, offered to prove the items of said account by parol testimony, without producing the books or accounting for their absence. The defendants objected, but the Court overruled the objection and admitted the testimony. This is the only error complained of.

The defendants contend that the acknowledgment was made with reference to the particular items examined, and that, consequently, the books were the best evidence of the items so admitted, and should have been produced.

We think the defendants have taken the correct view of the case. The admission was, that the contents of the plaintiff's books, in the particulars referred to, were correct. It is like the admission of the contents of any other writing, which can only be proved by the best evidence within the reach of the party, that is, the instrument itself, unless its absence be accounted for. The distinction between the admission of a party that he owes to another person a certain sum for goods sold and delivered, and an admission that certain *items* of an account are correct, must be made in this case. The case of *Wilt* v. *Bird, November* term, 1844, sustains the view we have taken of the case.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*Z. Baird*, for the appellants.

*G. S. Orth*, for the appellee.